UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: _8:16 CV 1949 T33  JSS_

| | |
|---|---|
| JESUS VARGAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAELS STORES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

The Plaintiff, JESUS VARGAS ("Plaintiff"), sues the Defendant, MICHAELS STORES, INC. ("Defendant"), and alleges:

### JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981; and the Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq.* ("FCRA").

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 1367(a). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 42 U.S.C. § 1981, as well as, Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq.*

3.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because the Defendant has a principal place of business within the district and resides in the judicial district.

NA-37685
$400

Case No.:

## PARTIES

4.      Plaintiff is a resident of Pasco County, Florida.

5.      At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant as defined by Title VII.

6.      At all times relevant to this Complaint, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

7.      Defendant is an arts and crafts/hobby store and is duly organized in the State of Texas.

8.      At all times relevant and material to this Complaint, Defendant employed more than 15 employees and was Plaintiff's employer within the meaning of Title VII and the FCRA.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants on June 10, 2015.

10.     On or about May 4, 2015, the EEOC issued a Right to Sue Letter. The instant action is being filed within 90 days from receipt of the Right to Sue Letter.

11.     All conditions precedent have been satisfied, waived or excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

12.     Plaintiff is a Hispanic male from Puerto Rico.

13.     On or about May 13, 2010, Plaintiff began working for Defendant in New York. Plaintiff was specifically hired to be a part of Defendant's team to open stores in Puerto Rico.

14.     On or about December 2011, Defendant transferred Plaintiff to the Tampa area because the team in charge of the Puerto Rico project was in Tampa.

2

Case No.:

15.     While in Tampa, Plaintiff was temporarily placed as a Store Manager in Defendant's Palm Harbor and Brandon stores, and he was eventually permanently placed in the South Dale Mabry Tampa store ("the Store").

16.     Plaintiff's supervisor from December 2011 to January 2014 was District Manager, David Tichch (Caucasian).

17.     Jaime Zenn (Caucasian) replaced Mr. Tichch towards the end of January 2014, as a temporary assignment. Mr. Zenn became the permanent District Manager in June 2014.

18.     Before leaving the Store, Mr. Tichch prepared Plaintiff's evaluation, which was signed by Mr. Zenn. Mr. Zenn had no input in Plaintiff's 2013-2014 evaluation.

19.     Mr. Zenn provided no support to Plaintiff or to the Store.

20.     In September 2014, the Store failed a company audit. The reason for failing the audit was because the Store's stock room was set up differently than other stores.

21.     Mr. Zenn was aware of the issues with the Store's stock room but did not assist Plaintiff with preventing the failed audit.

22.     Plaintiff was given a verbal warning despite Mr. Zenn's knowledge of the stock room issues.

23.     Thirty days after the audit, the issue was rectified and the Store passed an informal audit with a score of 84.

24.     Shortly after the audit, Brynn Roberts (Caucasian), who was a Store Manager in the Baltimore area, was transferred to Defendant's Spring Hill store as Customer Experience Manager.

25.     Shortly after Ms. Roberts transferred to Florida, Mr. Zenn decided, without interviewing anyone else or consulting with Plaintiff, to assign Ms. Roberts as the Replenishment Manager for the Store.

26.     Mr. Zenn transferred Ms. Roberts to the Store even though there were issues of concern with regard to Ms. Roberts' performance at the Spring Hill store.

27.     From the commencement of her employment, Ms. Roberts disagreed with Plaintiff's management decisions and constantly undermined his authority.

28.     As a result, Plaintiff and assistant manager, Donald Colbeth, counseled Ms. Roberts on several occasions.

29.     Plaintiff made several complaints to Mr. Zenn regarding Mrs. Roberts' behavior; however, Mr. Zenn failed to address the issues.

30.     In December 2014, Mr. Zenn arrived at the Store and, without any explanation, told Plaintiff that he had to take a call from Loss Prevention.

31.     Loss Prevention then unfairly accused Plaintiff of stealing from the Store.

32.     Because there was no proof to the false allegations, the issue was quickly dissolved, without any explanation to Plaintiff.

33.     A few days later, Mr. Zenn surprisingly gave Plaintiff a performance improvement plan for 30 days for "not keeping the store to standard."

34.     Plaintiff refused to sign the performance improvement plan, as it did not provide him with any measurables to determine what "standards" he was allegedly violating or how to improve.

35.     Plaintiff repeatedly asked Mr. Zenn to provide measurables but Mr. Zenn refused.

4

Case No.:

36.     When Mr. Zenn gave Plaintiff the performance improvement plan, he suggested to Plaintiff that he resign because Defendant had an unwritten rule that once a performance improvement plan is given, it usually meant that termination was guaranteed.

37.     Significantly, this performance improvement plan was given to Plaintiff 30 days before he was supposed to get his bonus.

38.     The performance improvement plan prohibited Plaintiff from collecting his bonus.

39.     Mr. Zenn knew Plaintiff would not be able to collect his bonus.

40.     In fact, it is widely known, and it is a pattern and practice of Defendant, that Defendant places executive or managerial employees on performance improvement plans in order to deny bonuses.

41.     There are several other Hispanic Store Managers throughout the country who have been placed on performance improvement plans as a tool to deny them their annual bonus.

42.     On January 21, 2015, two days prior to the review of Plaintiff's performance improvement plan, Mr. Zenn walked into the office and told Plaintiff that he received a call from Defendant's Human Resources department stating Plaintiff was terminated because he created a hostile work environment at the Store.

43.     Plaintiff was not provided with any other explanation and was not given an opportunity to review any complaints or provide a response to any complaints.

44.     Plaintiff had never received a complaint or disciplinary action regarding "hostile work environment."

45.     In fact, Plaintiff never received a disciplinary action throughout his career with Defendant until Mr. Zenn became his supervisor.

Case No.:

46.     A few days after Plaintiff's termination, Ms. Roberts was promoted to Store Manager and replaced Plaintiff.

47.     At the time of Plaintiff's termination, all of the Store Managers in his district were Caucasian, except for one Store Manager who is African-American.

48.     There were (and are) no Hispanic Store Managers in his particular district.

**COUNT I: VIOLATION OF TITLE VII**
**DISCRIMINATION AND HARASSMENT BASED ON PLAINTIFF'S RACE**

49.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 48 of his Complaint.

50.     Plaintiff is a member of a protected class of Hispanic citizens.

51.     Plaintiff was and is qualified for the job of a Store Manager.

52.     During the course of Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile and offensive work environment because of his race, as more fully described in paragraphs 12-48 of this Complaint.

53.     The offensive and discriminatory conduct referred to in paragraphs 12-48 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

54.     Similarly situated employees, including Store Managers within the district wherein Plaintiff worked, who were not Hispanic were not subjected to the offensive and discriminatory conduct.

55.     Plaintiff was terminated because of his race.

56.     Upon information and belief, Brynn Roberts (Caucasian) replaced Plaintiff after his termination.

57.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damages.

6

Case No.:

58.     Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE,** Plaintiff requests that this Honorable Court:

      a.  Enter judgment in Plaintiff's favor and against the Defendant for its violation of Title VII;

      b.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

      c.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

      d.  Award Plaintiff prejudgment interest on his damages award;

      e.  Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

      f.  Award Plaintiff reasonable costs and attorney's fees; and

      g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II: VIOLATION OF TITLE VII
## DISCRIMINATION AND HARASSMENT
## BASED ON PLAINTIFF'S NATIONAL ORIGIN

59.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 48of his Complaint.

60.     Plaintiff is a member of a protected class of citizens of Puerto Rican ancestry.

61.     Plaintiff was and is qualified for the job of a Store Manager.

62.     During the course of Plaintiff's employment with the Defendant, Plaintiff was being subjected to a discriminatory, hostile and offensive work environment because of his national origin.

63.     The offensive and discriminatory conduct referred to in paragraphs 12-48 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

64.     Similarly situated employees who were not of Puerto Rican descent were not subjected to the offensive and discriminatory conduct.

65.     Plaintiff was terminated because of his national origin.

66.     Upon information and belief, Brynn Roberts (Caucasian/American) replaced Plaintiff after his termination.

67.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damages.

68.     Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against the Defendant for its violation of Title VII;

   b. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

   c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

   d. Award Plaintiff prejudgment interest on his damages award;

   e. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

   f. Award Plaintiff reasonable costs and attorney's fees; and

   g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION

69.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 48 of his Complaint.

70.     Plaintiff is a member of a protected class of Hispanic citizens.

Case No.:

71.     At all times relevant, Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

72.     During the course of Plaintiff's employment with the Defendant, the Defendant violated Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by Caucasian or non-Hispanic citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

73.     During the course of Plaintiff's employment with the Defendant, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Hispanic employees of the Defendant.

74.     The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 12-48, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Hispanic citizens, in violation of 42 U.S.C.A. § 1981, as amended.

75.     The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 12-48, denied Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non- Hispanic citizens, in violation of 42 U.S.C. § 1981, as amended.

76.     Through its actions and treatment of Plaintiff, the Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race.

77.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damages.

78.     Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

9

Case No.:

a.  Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b.  Award Plaintiff actual damages suffered;

c.  Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

d.  Award Plaintiff prejudgment interest on his damages award;

e.  Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

f.  Award Plaintiff reasonable costs and attorney's fees; and

g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## RACE DISCRIMINATION

79.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 48 of his Complaint.

80.     At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

81.     Plaintiff is a member of protected classes of Hispanic citizens.

82.     During the course of Plaintiff's employment with the Defendant, Plaintiff was being subjected to a discriminatory, hostile and offensive work environment because of his race, as more fully described in paragraphs 12-48.

Case No.:

83.     The discriminatory conduct referred to in paragraphs 12-48 is and was offensive to Plaintiff and would be offensive to a reasonable person.

84.     Plaintiff was subjected to the conduct referred to in paragraphs 12-48 because he is Hispanic.

85.     Similarly situated employees who are not Hispanic were not subjected to the conduct described and referred to in paragraphs 12-48.

86.     Plaintiff was and is qualified for the position of a Store Manager while working for the Defendant.

87.     The Defendant violated the Florida Civil Rights Act by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of his employment.

88.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

89.     Any alleged nondiscriminatory reason for the treatment of Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his race.

90.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

11

Case No.:

   c.   Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

   d.   Order the Defendant to make Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

   e.   Award a monetary judgment representing prejudgment interest;

   f.   Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

   g.   Grant Plaintiff costs of this action, including reasonable attorney's fees;

   h.   Grant such other and further relief as the Court deems just and proper.

## COUNT V: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## NATIONAL ORIGIN DISCRIMINATION

91.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 48 of his Complaint.

92.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

93.    Plaintiff is a member of protected classes of Hispanic citizens.

94.    During the course of Plaintiff's employment with the Defendant, Plaintiff was being subjected to a discriminatory, hostile and offensive work environment because of his race, as more fully described in paragraphs 12-48.

95.    The discriminatory conduct referred to in paragraphs 12-48, is and was offensive to Plaintiff and would be offensive to a reasonable person.

Case No.:

96.   Plaintiff was subjected to the conduct referred to in paragraphs 12-48 because he is Hispanic.

97.   Similarly situated employees who are not Hispanic were not subjected to the conduct described and referred to in paragraphs 12-48.

98.   Plaintiff was and is qualified for the position of a Store Manager while working for the Defendant.

99.   The Defendant violated the Florida Civil Rights Act by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of his employment.

100.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

101.   Any alleged nondiscriminatory reason for the treatment of Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his race.

102.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

   a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

   b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

   c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

   d. Order the Defendant to make Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

Case No.:

    e.  Award a monetary judgment representing prejudgment interest;

    f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

    g.  Grant Plaintiff costs of this action, including reasonable attorney's fees;

    h.  Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: June 30, 2016.

By: /s/ R. Martin Saenz
R. Martin Saenz, Esq.
Florida Bar No. 0640166
E-mail: msaenz@saenzanderson.com
Ria N. Chattergoon, Esq.
Fla. Bar No.: 015099
E-mail: ria@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549