UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS VARGAS,

       Plaintiff,

v.                    Case No.: 8:16-cv-1949-T-33JSS

MICHAELS STORES, INC.,

       Defendant.

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Michaels Stores, Inc.'s Motion for Reconsideration (Doc. # 53), filed on July 21, 2017. For the reasons that follow, the Motion is denied.

**I.**   **Background**

A detailed recitation of the facts of this case is unnecessary at this juncture. Plaintiff Jesus Vargas brought this action against his former employer, Michaels, for race and national origin discrimination and hostile work environment under Title VII, 42 U.S.C. § 1981, and the Florida Civil Rights Act. (Doc. # 10). On May 15, 2017, Michaels moved for summary judgment on all of Vargas's claims under the analytical framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). (Doc. # 34). In his response,

1

Vargas asserted that his claims were brought under both the single-motive theory of liability — to which the McDonnell Douglas framework applies — and the mixed-motive theory — to which the separate framework set by Quigg v. Thomas County School District, 814 F.3d 1227 (11th Cir. 2016), applies. (Doc. # 47). Michaels replied, but still failed to analyze Vargas's claims under the Quigg framework and did not assert that the mixed-motive theory of liability was inapplicable based on the Amended Complaint's allegations. (Doc. # 48).

On July 10, 2017, the Court granted in part and denied in part the motion for summary judgment and granted summary judgment on the various claims to the extent they were brought under the single-motive theory of liability. (Doc. # 52). But, because Michaels did not move for summary judgment under the mixed-motive framework nor assert that framework was inapplicable to Vargas's claims, the Court denied the motion to the extent Vargas's claims were brought under the mixed-motive framework. (Id.).

Michaels now moves for reconsideration of the Court's Order pursuant to Federal Rule of Civil Procedure 59(e) and seeks entry of summary judgment on Vargas's claims to the extent they are brought under the mixed-motive framework. (Doc. # 53).

2

## II.   **Legal Standard**

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)(quotation marks omitted)). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

## III. **Analysis**

Michaels acknowledges that its "summary judgment motion did not address [Vargas's] claims under the mixed-motive framework but only under the McDonnell Douglas" framework. (Doc. # 53 at 2). Michaels also admits that its reply "never expressly addressed the mixed-motive theory." (Id.). Nevertheless, Michaels seeks reconsideration of the denial of its motion regarding the mixed-motive theory because "(1)

3

Michaels rebutted each argument offered in support of [Vargas's] mixed-motive claims in its reply" and "(2) the Court's ruling on [Vargas's] single-motive claims effectively eliminated any issue of fact as to [his] mixed-motive claims." (Id.).

"A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." Case v. Eslinger, 555 F.3d 1317, 1329 (11th Cir. 2009)(citation and internal quotation marks omitted). The Eleventh Circuit has made clear that Rule 59 motions "should not be used to raise arguments which could, and should, have been made before the judgment was issued," and that denial of such a motion "is especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." Id. (citation omitted).

While Michaels now asserts it "had no notice that [Vargas] was pursuing" the mixed-motive theory, this is not entirely correct. Michaels may not have expected Vargas to invoke the mixed-motive theory when it drafted its motion for summary judgment, but Michaels became aware of that theory at the latest when Vargas filed his response to the motion.

Although district courts ordinarily do not consider new arguments raised in reply briefs, such new arguments are properly considered if they address unexpected issues raised for the first time by the opposing party's response. See Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the U.S., Inc., No. 3:12-CV-00575, 2013 WL 1736643, at *1 (M.D. Tenn. Apr. 19, 2013)("[C]ourts necessarily may consider new arguments in a movant's reply where those arguments address issues raised for the first time in the nonmovant's response."); see also Brown v. CitiMortgage, Inc., 817 F. Supp. 2d 1328, 1332-33 (S.D. Ala. 2011)(declining to consider a new argument about statutory damages raised in a reply because "it was clear from the plain language of the Complaint that [plaintiffs] were predicating their [] claim on a theory of statutory damages" and "[defendant] could not have been surprised or caught unawares in that regard").

Thus, Michaels could have asserted in its reply, as it does now in the motion for reconsideration, that it lacked notice the mixed-motive theory would be invoked and that "[Vargas] should not be permitted to proceed to trial under [the mixed-motive] theory given his firm position that it was only his race and national origin that motivated the decision to terminate him." (Doc. # 53 at 2 n.1).

5

The case law Michaels now cites for that argument was available at the time Michaels filed its motion for summary judgment. See Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)("A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision."). And one case in which the district court granted summary judgment under both the single and mixed-motive theories and upon which Michaels particularly relies, Williams v. Florida Atlantic University, No. 15-60621-CIV, 2017 WL 1881676 (S.D. Fla. May 9, 2017), is inapposite. Unlike Michaels, the defendant in Williams also argued in its motion for summary judgment that the mixed-motive theory of liability was inapplicable because of how the plaintiff's claims were pled in the complaint, and that no record evidence supported that discrimination was a motivating factor for the adverse action. To be sure, Vargas could have cited Williams in its motion for summary judgment or reply for the proposition that the mixed-motive theory is inapplicable to Vargas's claims. But Williams does not imply that this Court should have granted summary judgment under the mixed-motive framework even though Michaels failed to address that framework at all in its summary judgment briefing.

And the Court disagrees with Michaels that the case's result — i.e. a grant of summary judgment on Vargas's claims — would necessarily be the same under the mixed-motive framework. In the July 10, 2017, Order, the Court determined that Vargas failed to show a genuine issue of material fact regarding pretext — meaning Vargas failed to show Michaels' legitimate nondiscriminatory reason for his termination was false and that the real reason was discrimination. (Doc. # 52 at 41-45). But the Court did not address whether there was a genuine issue of material fact about whether race or national origin was a motivating factor in Michaels' decision to terminate Vargas — the relevant question under the mixed-motive framework established by Quigg.

In articulating the Quigg framework, the Eleventh Circuit emphasized that the McDonnell Douglas framework "is fatally inconsistent with the mixed-motive theory of discrimination because [it] is predicated on proof of a single, 'true reason' for an adverse action," which the plaintiff must show is pretextual. Quigg, 814 F.3d at 1237. "Thus, [under McDonnell Douglas,] if an employee cannot rebut her employer's proffered reasons for an adverse action but offers evidence demonstrating that the employer also relied on a forbidden consideration, she will not meet her burden"

7

— even though "this is the exact type of employee that the mixed-motive theory of discrimination is designed to protect." Id. at 1238. Because the Quigg framework was created to rectify this problem, Vargas's mixed-motive claims could survive even if Michaels truly believed Vargas had retaliated against employees (the stated reason for his termination), as long as Vargas could show a genuine issue of material fact regarding whether his race or national origin also played a motivating role in Michaels' decision. Because Michaels failed to squarely address this question in its summary judgment motion or reply, the Court did not address it either and cannot say that no genuine issue of material fact exists on that issue.

Michaels also argues that, while it never directly addressed the mixed-motive theory propounded by Vargas, its reply refuted each piece of evidence on which Vargas's response relied to support his mixed-motive argument. (Doc. # 53 at 3-4). Again, while Michaels thinks no genuine issue of material fact exists regarding whether discrimination was a motivating factor in its decision to terminate Vargas, this argument was not explicitly presented to the Court at the summary judgment stage. In its Order, the Court determined Vargas had not shown that discrimination was the true reason

8

for his termination and Michaels' stated reasons were false. The Court did not determine that no reasonable factfinder could conclude Vargas's race or national origin was one motivating factor in Michaels' decision to terminate him. And the Court declines to make such a determination now.

Michaels has not pointed out an intervening change in controlling law, any new evidence, or a manifest error of law or fact. Rather, Michaels takes issue with the Court's reasoning that summary judgment should not be granted under a distinct analytical framework that was never mentioned by Michaels during the summary judgment briefing. See Madura v. BAC Home Loans Servicing L.P., 851 F. Supp. 2d 1291, 1296 (M.D. Fla. 2012)("'[A] motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning.'" (quoting Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 WL 1053691, at *4 (M.D. Fla. Mar. 30, 2005))). Accordingly, reconsideration pursuant to Rule 59(e) is inappropriate.

Although the Court declines to reconsider its July 10, 2017, Order, Michaels may assert its arguments about the mixed-motive theory on a Rule 50 motion at trial. See McGinnis v. Am. Home Mortg. Servicing, Inc., 817 F.3d 1241, 1260 (11th Cir. 2016)("[A] motion for [judgment as a matter of law] may

be brought under Rule 50(a) 'at any time before the case is submitted to the jury.'" (quoting Fed. R. Civ. P. 50(a)(2))).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Michaels Stores, Inc.'s Motion for Reconsideration (Doc. # 53) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of July, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE