**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JESUS VARGAS,**

    **Plaintiff,**

**v.**                                                        **CASE NO. 8:16-cv-1949-VMC-JSS**

**MICHAELS STORES, INC.,**

    **Defendant**

_____/

**DEFENDANT'S OMNIBUS MOTION IN LIMINE**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant Michaels Stores, Inc. ("Michaels"), by and through its undersigned counsel, hereby respectfully moves for an order prohibiting plaintiff from introducing evidence or testimony at trial regarding the matters listed herein. As grounds for this motion, defendant avers the following matters are not relevant or admissible for any purpose in this case.

**I.**

**MEMORANDUM OF LAW**

This Court has the inherent authority to grant motions in limine to exclude objectionable evidence at trial. *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). This Court may also grant a party's omnibus motion limine. *See, e.g., Mitchell v. Royal Caribbean Cruises, Ltd.,* 2013 WL 8283958, at *6 (S.D. Fla. June 7, 2013). The purpose of such motions is to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce,* 469 U.S. at 40 n. 2 (1984). Furthermore, it gives the trial judge "notice of the movant's position so as to avoid the introduction of damaging evidence, which may

irretrievably affect the fairness of the trial." *Hodgetts v. City of Venice, Fla.,* 2011 WL 2192810, at *1 (M.D. Fla. Jun. 6, 2011). Federal Rules of Evidence ("Rules") govern the admissibility of evidence at trial, and specifically, Rules 401, 402, 403, 408, 411, and 701 weigh in favor of excluding the following matters.

## OPPOSED MOTIONS IN LIMINE

1. **Any evidence, statement, or argument related to settlement negotiations.** Fed. R. Evid. 401, 402, 403, 408. Rule 408 prohibits evidence of offers, conduct, or statements made in compromise negotiations on behalf of any party when offered to prove liability for, validity of, or amount of a claim that is disputed as to validity or amount. *Zokaites Balistreri Realty, Inc.,* 2007 WL 1789135, at *3 n.3 (S.D. Fla. June 19, 2007). Even if settlement negotiations were admissible, the risk of unfair prejudice, confusion of issues, and misleading the jury far outweigh any probative value. Fed. R. Evid. 403.

2. **Any evidence, statement, or argument of insurance.** Fed. R. Evid. 401, 402, 403, 411. The Advisory Committee's Note to Rule 411 provides that "knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds." Evidence related to insurance held by either party should be excluded to avoid improper determinations by the jury. Fed. R. Evid. 403, 411.

3. **Any evidence, statement, or argument regarding the Equal Employment Opportunity Commission's (EEOC) Notice of Right to Sue and any determination included therein.** The EEOC's Notice of Right to Sue ("Notice") is not relevant because it is undisputed that plaintiff exhausted his administrative remedies before bringing his claims. Fed. R. Evid. 401. Moreover, it is unduly prejudicial because the jury may improperly

believe its findings are conclusive or indicative of fault. The jury may give unjustifiable weight to a federal agency's determination, even where – as here – the agency has made no determination as to the alleged violations, thereby causing undue prejudice to defendant that outweighs any probative value. Fed. R. Evid. 403; *Cormack v. N. Broward Hosp., Dist.*, 2009 WL 2848898, at *1 (S.D. Fla. Aug. 28, 2009) (finding EEOC's "determination is not simply a finding of fact but a legal conclusion that is likely to confuse a jury into thinking that the decision as to whether discrimination occurred has already been made by a federal agency," and concluding, under Rule 403, that any probative value is outweighed by the prejudicial nature of this evidence.).

4. **Any evidence, statement, or argument related to the financial wealth of the parties.** Fed. R. Evid. 401, 402, 403. "The general rule is that, during trial, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir.2002). Here, any reference to plaintiff or defendant's financial wealth is likely to cause confusion to the jury and would prejudice the opposing party. Therefore, the parties should be precluded from introducing evidence regarding the financial wealth of the parties.

5. **Any reference to Defendant's Motion for Summary Judgment or to Dismissed Claims.** Fed. R. Evid. 401, 402, 403. The Court granted defendant's Motion for Summary Judgment, in part, and the only claims left for trial are plaintiff's discrimination claims based on the mixed-motive theory. Accordingly, any reference to the dismissed claims, or facts supporting them, as well as any reference to defendant's Motion for Summary Judgment, is irrelevant and would cause confusion to the jury and would prejudice

3

defendant. *See Andazola v. Logan's Roadhouse, Inc.*, 2013 WL 1834308, *8 (N.D. Ala. Apr. 29, 2013) (excluding evidence of dismissed claims from trial).

6. **Any reference to Plaintiff's religion, religious preference, or participation in non-secular activities.** Fed. R. Evid. 401, 402, 403, 610. Any reference to the plaintiff's religion, religious preference, or participation in non-secular activities would bear no relevance to the matters being litigated and would serve only to garner sympathy from those members of the jury with similar religious backgrounds. Moreover, the members of the jury may place greater weight in the testimony of an individual who claims to be religious than those who claim no affiliation with a non-secular organization. Therefore, the probative value of any reference to plaintiff's religious values or practices would be far outweighed by the prejudice that it would cause Defendant. Fed. R. Evid. 401, 402, 403; *see also* Fed. R. Evid. 610 ("Evidence of a witness's religious beliefs or opinions is not admissible to attack or support a witness's credibility.").

7. **Any evidence, statement, or argument related to Plaintiff's conjecture concerning the discrimination or termination of others.** Fed. R. Evid. 401, 402, 403. Plaintiff's allegations that other employees, in particular Marco Salazar and Daniel Narvaez, were terminated because they were Hispanic are irrelevant and will only serve to unfairly prejudice defendant. As the Court noted in its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment ("Order"), plaintiff testified that these individuals told him in a phone conversation that they believed their terminations were related to race. [D.E. 52 at 45]. As the Court reasoned, these individuals worked in defendant's New York stores, and the decisions to fire them would not have been made by

any of the alleged discriminatory actors here.  [*Id.*] Plaintiff has offered no other evidence that other individuals were treated differently because they were Hispanic.  Accordingly, to permit plaintiff to testify as to his pure conjecture that others may have been discriminated against because they were Hispanic would only serve to mislead the jury, confuse the issues, and cause undue prejudice to defendant.  Fed. R. Evid. 403.  Furthermore, the introduction of this evidence would create a "trial within a trial" as to whether defendant discriminated against these individuals or terminated them for cause or legitimate business purposes.

8. **Any layman's use of the terms "discrimination," "harassment," "retaliation," "adverse employment action," and/or "tangible employment action."** These terms are legal conclusions bearing upon ultimate issues of fact, which should not be introduced by lay witnesses at trial for risk of misleading the jury, confusing the issues, and causing undue prejudice to defendant.  Fed. R. Evid. 403, 704.

9. **Any evidence, statement or argument that Plaintiff was involved in any alleged plan to open stores in Puerto Rico.**  Fed. R. Evid. 401, 402, 403.  Any reference to plaintiff's allegations that he was hired by Michaels to eventually open stores in Puerto Rico bears no relevance on the issues to be presented to the jury and will only serve to confuse or mislead them.  Plaintiff has not proffered any evidence that the alleged discriminatory actors were aware of these alleged plans for Puerto Rico.  Plaintiff only vaguely remarks that he was "under the impression" that Michaels would open stores in Puerto Rico, which is why he chose to transfer to the Tampa market.  [Vargas at 29:11-25]. Accordingly, any introduction of this evidence would only serve to confuse the jury and insinuate that the decisionmakers

5

knew of plaintiff's plans to work in Puerto Rico, which is unsupported by the record evidence.

10.     **Any evidence, statement or argument that Plaintiff moved his child to a school closer to Defendant's Dale Mabry location.**  Fed. R. Evid. 401, 402, 403.  During his deposition testimony, plaintiff alleged that after he received disciplinary action for the store's failed audit, he moved his child closer to the defendant's Dale Mabry location so that he could spend more time in the store and address its deficiencies.  Such testimony is not only irrelevant as to whether plaintiff was subjected to discriminatory treatment, it is designed to evoke sympathy for the plaintiff at the expense of prejudicing the defendant.  Quite simply, such testimony has no bearing on either party's claims or defenses here.

11.     **Any evidence, statement or argument regarding Michaels' investigation of former Store Manager Bill Dutka.**  Fed. R. Evid. 401, 402, 403.  Defendant anticipates that plaintiff will attempt to introduce testimony regarding an investigation that took place into defendant's former store manager at its Spring Hill, Florida location, Bill Dutka.  Plaintiff's allegation concerns a complaint that an employee lodged against Dutka that he was not properly reviewing and signing a log that contained the overage or shortage amounts in the store's cash registers.  Notwithstanding that it was determined Dutka had not violated Michaels policy, Dutka is not a proper comparator to plaintiff because the conduct at issue was not sufficiently similar for proper comparison under Title VII, § 1981, or the FCRA.  *See Maniccia v. Brown,* 171 F.3d 1364, 1368 (11th Cir. 1999) (To determine whether employees are similarly situated, courts must evaluate "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways"); *Burke-Fowler*

*v. Orange Cnty., Fla.,* 447 F.3d 1319, 1323 (11th Cir. 2006) (*citing Nix v. WLCY Radio/Rahall Commc'ns,* 738 F.2d 1181, 1185 (11th Cir. 1984) (requiring that the "quantity and quality of the comparators' misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."). Here, plaintiff was terminated after it was discovered that that he was retaliating and attempting to discover the identities of employees who had anonymously complained about him, and was also attempting to root out those employees who might complain about him going forward. Accordingly, the conduct of plaintiff and Dutka bear no similarity, and any evidence, statements, or arguments concerning the investigation into Dutka should not be introduced to the jury.

12. **Any evidence, statement or argument regarding Zenn's treatment of non-Hispanic managers at locations other than Defendant's Dale Mabry location.** Fed. R. Evid. 401, 402, 403. Plaintiff has vaguely asserted that Zenn did not provide sufficient support to the Dale Mabry location, while also alleging that Zenn favored other stores with non-Hispanic managers. The Court disagreed with plaintiff's assertion, stating that Plaintiff had not presented any evidence tying Zenn's alleged lack of support to his claims of racial or national origin discrimination. [D.E. 52 at 27]. The Court held as follows:

> And, even if Zenn did not support Vargas's performance and disciplined him more harshly, such treatment would only be actionable if it was based on Vargas's race or national origin. See *Coutu v. Martin Cty. Bd. of Cty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII"). The relationship between Zenn and Vargas was strained, which led to what Vargas considered harsh treatment, but this is not evidence

7

> supporting that Vargas's race or national origin was the root of that strain. (citations omitted).

[*Id.* at 27-28].  Accordingly, plaintiff should not be permitted to argue or offer evidence regarding Zenn's alleged treatment of non-Hispanic store managers at other locations, as plaintiff has failed to develop:  (1) any evidence that such discriminatory treatment took place, and (2) any evidence that the alleged treatment was based on his race or national origin.   The introduction of this argument and self-serving testimony will only serve to confuse and mislead the jury.

13.     **Any evidence, statement or argument concerning the state of Plaintiff's marriage.**  Fed. R. Evid. 401, 402, 403.  During his deposition testimony, plaintiff testified regarding marital issues that he had to overcome, particularly during the latter part of his employment with defendant and shortly after his termination.  Plaintiff insinuated that defendant may have caused or contributed to his marital issues. The prejudicial effect of such testimony would far outweigh any probative value to either party's claims or defenses here.

14.     **Any evidence, statement or argument alleging that Roberts, McGrath, and Colbeth are proper comparators.**  Fed. R. Evid. 401, 402, 403.   Plaintiff has improperly pointed to several individuals as possible comparators including Don Colbeth, Courtany McGrath, and Brynn Roberts.  Specifically, plaintiff alleges that District Manager Jamie Zenn should have disciplined Assistant Manager Colbeth when the store failed its audit, and that Zenn should have disciplined McGrath after she and plaintiff were involved in a verbal altercation.  Plaintiff has further pointed to Zenn's alleged failure to discipline Roberts as indicative of his discriminatory animus toward plaintiff.  However, all of these individuals were subordinate to plaintiff during his employment with defendant. *Smith v.*

8

*Lockheed-Martin Corp.,* 644 F.3d 1321, 1326 (11th Cir. 2011); *Rioux v. City of Atlanta, Ga.,* 520 F.3d 1269, 1281 (11th Cir. 2008) (Deputy Chief was not a suitable comparator to a Battalion chief in discrimination matter due, in part, to the material differences in their respective rank and job responsibilities). Moreover, none of the conduct complained of was similar to that for which plaintiff was disciplined. *See Maniccia v. Brown,* 171 F.3d 1364, 1368 (11th Cir. 1999) (To determine whether employees are similarly situated, courts must evaluate "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways") (citations and quotation marks omitted). Courts require that "the quantity and quality of the comparators' misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Burke-Fowler v. Orange County, Fla.,* 447 F.3d 1319, 13323 (11th Cir. 2006) (*citing Nix v. WLCY Radio/Rahall Commc'ns,* 738 F.2d 1181, 1185 (11th Cir. 1984). As the Court noted in its Order:

> Colbeth, Williamson, and Roberts, they all held positions of lower responsibility as assistant manager or replenishment manager working under Vargas. That Zenn chose to differently discipline subordinate employees — whom Vargas himself had authority to discipline — does not support the inference that Vargas was disciplined because of his race or national origin. For example, while Zenn gave Vargas a written warning for failing the July of 2014 audit but gave assistant manager Colbeth only a verbal warning, Zenn issued written warnings to every store manager who failed a formal audit.

[D.E. 52 at 28-29].

Accordingly, the introduction of evidence concerning the discipline received by these individuals will only serve to confuse and mislead the jury, and will further prejudice

9

defendant by insinuating that these individuals are proper comparators to plaintiff, which they are not.

15. **Any characterization of Plaintiff's Performance Improvement Plan as an "adverse employment action."** Fed. R. Evid. 401, 402, 403. In the Order, the Court found that plaintiff failed to show any evidence that the Performance Improvement Plan ("PIP") issued to him caused any material alteration of the terms and conditions his employment with defendant and, therefore, was not an adverse employment action. [D.E. 52 at 38]. In fact, the Court noted plaintiff's concession that defendant "would not have been able to extend the PIP as the Store was performing well and, in fact, passed the re-audit only days after [Vargas's] termination because of [his] efforts." [*Id.* at 39]. Accordingly, any characterization of plaintiff's PIP as an adverse employment action will only serve to confuse and mislead the jury.

16. **Any evidence, statement or argument that Plaintiff was denied a bonus as a result of being placed on a Performance Improvement Plan.** Fed. R. Evid. 401, 402, 403. Similarly, plaintiff should be precluded from presenting any evidence, statement or argument that he was denied a bonus as a result of being placed on the PIP. The Court has already found that the denial of his bonus was not the result of being placed on a PIP, as his PIP did not cause any material changes to the terms and conditions of his employment. [D.E. at 14-15]. Similarly, plaintiff conceded that defendant "would not have been able to extend the PIP [to deny his bonus] as the Store was performing well and, in fact, passed the re-audit only days after [Vargas's] termination because of [his] efforts." [*Id.* at 39]. Instead, the record evidence indicates that plaintiff was denied a bonus as a result of his termination. [*Id.*

at 38]. Accordingly, plaintiff should be precluded from introducing any evidence, statement or argument that plaintiff was denied a bonus as a result of the PIP, as such statements will only serve to mislead the jury.

## II.

## CONCLUSION

WHEREFORE, Defendant Michaels Stores, Inc., respectfully requests that the Court grant defendant's omnibus motion in limine to preclude the aforementioned evidence at trial based on the grounds asserted above.

## CERTIFICATE OF CONFERRAL

The undersigned hereby represents that she has conferred with Plaintiff's counsel regarding the matters discussed herein and that Plaintiff's counsel has objected to the exclusion of any and all of the matters listed above.

    Respectfully submitted,

    /s/ Catherine H. Molloy
    Richard C. McCrea, Jr.
    Florida Bar No. 351539
    Email: mccrear@gtlaw.com
    Catherine H. Molloy
    Florida Bar No. 33500
    Email: molloyk@gtlaw.com
    GREENBERG TRAURIG, P.A.
    101 E. Kennedy Boulevard
    Suite 1900
    Tampa, FL  33602
    (813) 318-5700 – Telephone
    (813) 318-590 – Facsimile
    Attorneys for Defendant
    Michaels Stores, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 2, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

R. Martin Saenz, Esq.
E-mail: msaenz@saenzanderson.com
Ria N. Chattergoon, Esq.
E-mail: ria@saenzanderson.com
SAEZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida  3180

/s/Catherine H. Molloy
　　　　　　　　Attorney