UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.: 8:16-cv-01949-VMC-JSS

| | |
|---|---|
| JESUS VARGAS, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MICHAELS STORES, INC., | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OMNIBUS MOTION *IN LIMINE***

Plaintiff, JESUS VARGAS ("Plaintiff"), by and through his undersigned counsel, hereby files his Response to Defendant MICHAELS STORES, INC.'s ("Defendant") Omnibus Motion *in Limine* ("Motion") [D.E. 57], and states as follows:

1. **Any evidence, statement, or argument related to settlement negotiations.**

Defendant seeks to exclude any evidence of offers, conduct or statements made in compromise negotiations on behalf of the parties during the ongoing litigation of this case. Plaintiff's objection to Defendant's Motion is being made pursuant to Fed. R. Evid. 408(b), which provides for certain exceptions to prove witness bias or prejudice or negating a contention of undue delay. Should cause for this exception arise at trial, Plaintiff requests that he be allowed to introduce particular statements regarding settlement or negotiations. Accordingly, Defendant's Motion should be denied.

2. **Any evidence, statement, or argument of insurance.**

Defendant seeks to exclude evidence of the presence or absence of liability insurance. Fed. R. Evidence 411 specifically allows this Court to admit this evidence for purposes such as

"proving a witness's bias or prejudice or proving agency, ownership, or control." To the extent this issue or purpose arises at trial, Plaintiff requests that this Court allow such evidence to be presented to a jury. Accordingly, Defendant's Motion should be denied.

    **3.**    **Any evidence, statement, or argument regarding the Equal Employment Opportunity Commission's (EEOC) Notice of Right to Sue and any determination included therein.**

Contrary to the claims made in Defendant's Motion, the Eleventh Circuit has consistently held that EEOC documents and determinations are highly probative and admissible under Rule 803(8)(C) of the Federal Rules of Evidence. Defendant is simply incorrect in its representations to this Court that the EEOC's Notice of Right to Sue or determinations are irrelevant or prejudicial. In the determinative Eleventh Circuit case on the issue, the Court in *Barfield v. Orange County*, 911 F.2d 644, 650 (11th Cir. 1990), held that when determining the admissibility of an EEOC record, the district court may consider: (1) whether the report contains legal conclusions in addition to its factual content; (2) whether the report raises questions of trustworthiness under Federal Rule of Evidence 803(8)(C); and (3) whether it presents problems cognizable under Rule 403.

Furthermore, Rule 803(8)(C) explicitly makes the EEOC reports admissible, regardless of whether they contain factual opinions or conclusions and the probative value of an EEOC determination ordinarily outweighs any possible prejudice to the defendant. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288 (11th Cir. 2008); *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972). In addition, applying a Rule 403 analysis, the *Barfield* Court held that under the circumstances where the EEOC investigator considered all the evidence submitted by either party and conducted no other investigation, the danger of unfair prejudice is too little to overcome the highly probative nature of this evidence. *Barfield*, 911 F.2d at 650. Accordingly,

this Court should therefore admit the EEOC determinations under Rules 803(8)(C) and 403. *Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985) (Rule 403 exclusion should be used sparingly); *Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716, 722-33 (11th Cir. 1982), cert. denied, 460 U.S. 1083, 103 S. Ct. 1774, 76 L. Ed. 2d 346 (1983); *Collins v. Seaboard Coast Line Railroad Co.*, 675 F.2d 1185, 1189 (11th Cir. 1982).

    **4.**    **Any evidence, statement, or argument related to the financial wealth of the parties.**

Defendant seeks to exclude evidence related to the financial wealth of "the parties." Defendant's arguments presumably include the financial status/wealth of Plaintiff and Defendant. Defendant's Motion must be denied. Plaintiff's financial status/wealth is relevant to his claim for back pay and front pay in this case. Preventing Plaintiff from introducing any evidence to support his claim for damages hinders Plaintiff's case and plea to a jury for damages. Furthermore, it is imperative that Plaintiff produce Defendant's profit and loss statements for the store that employed Plaintiff at trial. These profit and loss statements are necessary to disprove Defendant's reasoning for placing Plaintiff on a Performance Improvement Plan ("PIP") in December 2014. Moreover, any evidence presented to the jury in this case regarding Defendant's wealth will be harmless. Defendant is a well-known retailer and the jury would easily determine Defendant's "relative economic status" for themselves. *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002). Accordingly, Defendant's Motion must be denied.

    **5.**    **Any reference to Defendant's Motion for Summary Judgment or to Dismissed Claims.**

Defendant's Motion to exclude any reference to Defendant's Motion for Summary Judgment or to Dismissed Claims is confusing. The Court did not dismiss any claims or facts supporting Plaintiff's case in its Order on Defendant's Motion for Summary Judgment. The

Court has permitted Plaintiff's claims to move forward on a mixed-motive theory. Furthermore, the facts to support Plaintiff's discrimination claims based on a mixed-motive theory are the same as they were for a single-motive theory. Accordingly, this Court should deny Defendant's Motion.

      **6.**       **Any reference to Plaintiff's religion, religious preference, or participation in non-secular activities.**

Defendant's Motion to exclude Plaintiff's religious background is specifically geared towards Plaintiff's Masters degree in Theology and his counseling with his priests. Defendant's Motion should be denied for several reasons. First, Defendant's claim that Fed. R. Evid. 610 applies here is meritless. The Notes of the Advisory Committee for Fed. R. Evid. 610 specifically state that "an inquiry for the purpose of showing interest or bias because of [religious beliefs or opinion] is not within the prohibition." Therefore, there is no absolute exclusion of this evidence set forth by the Federal Rules of Evidence. Second, Plaintiff's background, specifically his educational background, is relevant evidence that must be presented to the jury. Finally, Plaintiff's counseling by his priests, which resulted from his termination, is imperative to his claim for damages. Accordingly, this Court should deny Defendant's Motion.

      **7.**       **Any evidence, statement, or argument related to Plaintiff's conjecture concerning the discrimination or termination of others.**

Defendant's Motion to exclude evidence that Marco Salazar and Daniel Narvaez alleged similar claims of discrimination against Defendant must be denied. Plaintiff's testimony of how Defendant treated other Store Managers who where Hispanic as opposed to Non-Hispanic Managers is directly relevant to this case and must be presented to a jury. While the Court noted that these two individuals worked in the New York Stores and the decision to terminate was made by a different District Manager, the Court was making its ruling under a single motive

theory which allowed for specific comparator evidence. Under a mixed-motive theory, Plaintiff must be allowed to bring evidence, which shows that Plaintiff's race and national origin substantially motivated Defendant to terminate Plaintiff. Both Mr. Salazar and Mr. Narvaez were in the same position as Plaintiff, *i.e.*, Store Managers. They were both placed on Performance Improvement Plans right before their bonuses were to be determined. Most importantly, Mr. Salazar filed a similar discrimination lawsuit against Defendant. Plaintiff has made allegations that Defendant maintained a pattern and practice of discriminating against Hispanic Store Managers. Therefore, Plaintiff should be able to introduce this evidence to prove his claim. The probative value of this evidence outweighs any alleged prejudice claimed by the Defendant. Accordingly, Defendant's Motion must be denied.

**8.   Any layman's use of the terms "discrimination," "harassment," "retaliation," "adverse employment action," and/or "tangible employment action."**

Defendant's Motion to exclude the use of the above terms is impractical. Specifically, the terms "discrimination, harassment, and retaliation" are words that are regularly defined and used by lay witnesses. Furthermore, the terms "adverse employment action" or "tangible employment action" are words that can be defined by this Court and which will most likely be included in jury instructions. Therefore, Defendant's Motion should be denied.

**9.   Any evidence, statement or argument that Plaintiff was involved in any alleged plan to open stores in Puerto Rico.**

Defendant's Motion to exclude Plaintiff's involvement to open stores in Puerto Rico must be denied. The reasons for Defendant's transfer of Plaintiff's employment to the Tampa area is directly relevant to Plaintiff's employment history with Defendant and his claims. Defendant's claim that Plaintiff has made vague remarks about Defendant's opening of stores in the Tampa

area is misleading. In his deposition Plaintiff testified that: Defendant intended to open stores in Puerto Rico; Plaintiff participated in a number of conference calls to brainstorm on locations; he spoke with Defendant's Zone Vice-President and four other people, including his District Managers; and, the plan was to get Plaintiff on board to eventually be transferred to Puerto Rico. *See* Plaintiff's deposition ("Pl. dep.") at 55-57. **[D.E. 35].** According to Plaintiff, Lynette Jones specifically hired Plaintiff to be a part of Defendant's team when they opened stores in Puerto Rico. (Pl. dep. 207:12-22). Chris Freeman, the Zone Vice President in charge of opening the Puerto Rico stores, was located in Tampa and the recommendation from David Ticich ("Ticich"), District Manager, was that Plaintiff transfer to Tampa because he had a couple of assignments that Plaintiff could help with until the Puerto Rico stores opened up. (Pl. dep. 63:21-25, 64:1-7). Plaintiff considered Kissimmee (not Tampa), Florida, because there was a large Puerto Rican community. (Pl. dep. 61:22-25). These facts will not confuse the jury or mislead it and these facts are directly relevant to Plaintiff's claims. Accordingly, Defendant's Motion must be denied.

**10. Any evidence, statement or argument that Plaintiff moved his child to a school closer to Defendant's Dale Mabry location.**

Defendant's Motion regarding Plaintiff's decision to move his child to a school closer to the Store he worked must be denied. As stated in Defendant's Motion, Plaintiff testified that he moved his child closer so that he could spend more time in Defendant's Store. This evidence is necessary to prove Plaintiff's case, *i.e.*, how the continued discriminatory treatment affected him. If barred from presenting this evidence to a jury, Plaintiff's case will be severely prejudiced as he will not be able to present his entire case to the jury. Accordingly, Defendant's Motion must be denied.

**11.     Any evidence, statement or argument regarding Michaels' investigation of former Store Manager Bill Dutka.**

Defendant's Motion to exclude relevant and material evidence regarding direct comparators in this case is a direct attempt to prejudice the Plaintiff's case. Bill Dutka was a Store Manager, with the same duties, in the same district and whom the same supervisor (Jaime Zenn) supervised. During the course of this case, this Court limited Plaintiff's comparators to the parameters discussed above. There is no better comparator to Plaintiff than Bill Dutka. The fact that the alleged conduct for either individual is not the same is not the end all of the analysis for comparators. If that were the case, it would be impossible for an employee to ever pursue a discrimination case.

Moreover, in order to prove that he was treated differently than his Non-Hispanic counterparts, Plaintiff must be allowed to present the evidence regarding Defendant's decision to investigate complaints made against a Caucasian Store Manager and its decision not to investigate claims made against Plaintiff, a Hispanic Store Manager, and the outcome of the two situations. Plaintiff has brought his claim for discrimination based on circumstantial evidence. Moreover, Plaintiff is only allowed to present a mixed-motive theory to the jury. This evidence is imperative to Plaintiff's case that his race and national origin substantially motivated Defendant to terminate him. Accordingly, Plaintiff requests this Court deny Defendant's Motion.

**12.     Any evidence, statement or argument regarding Zenn's treatment of non-Hispanic managers at locations other than Defendant's Dale Mabry location.**

Paragraph Nos. 11 and 12 of Defendant's Motion are similar in their arguments and Plaintiff incorporates his response to Paragraph 11 to avoid repetition. As discussed above, facts regarding Plaintiff's supervisor, Jamie Zenn's treatment of Non-Hispanic Store managers at other locations he supervised is directly relevant to this case. Defendant's quotation of this

Court's decision as to Plaintiff's single-motive case and its belief of whether Mr. Zenn's harsh treatment of Plaintiff is evidence of race or national origin discrimination should not be imputed to a jury. Plaintiff's mixed-motive theory is premised on the fact that Plaintiff's race and national origin substantially motivated the decision to place him on a Performance Improvement Plan and later terminate him. Evidence of how Mr. Zenn treated other, non-Hispanic Store Managers is directly relevant and material to his case and any decisions regarding those facts must be made by the trier of fact – a jury. To exclude this evidence will severely prejudice Plaintiff's case. Accordingly, Plaintiff requests that this Court deny Defendant's Motion.

**13.    Any evidence, statement or argument concerning the state of Plaintiff's marriage.**

Defendant's Motion to exclude evidence of the state of Plaintiff's marriage during the later part of his employment and after his termination must be denied. The state of Plaintiff's marriage, specifically the toll the discriminatory actions caused Plaintiff and which resulted in his marriage almost ending, is relevant to the compensatory and punitive damages sought in this case. There is no prejudicial effect to the Defendant and, in fact, to deny Plaintiff's introduction of this evidence at trial will severely prejudice his claim for damages.

**14.    Any evidence, statement or argument alleging that Roberts, McGrath, and Colbeth are proper comparators.**

Plaintiff likewise incorporates Paragraphs 11 and 12 of his Response. Brynn Roberts was the Store Manager; therefore, how Jaime Zenn treated Ms. Roberts is directly relevant and material to Plaintiff's case. Ms. Roberts, like Bill Dutka, is Plaintiff's direct comparator. With regard to Don Colbeth and Courtney McGrath, Plaintiff again requests that this Court not impute its findings to that of a jury. A jury must make the decision of whether Mr. Zenn's treatment of these Caucasian employees was favorable to that of Plaintiff, a Hispanic Manager. Plaintiff

points out that Mr. Zenn testified that he would have given Don Colbeth a written warning; however, he did not. *See* Jaime Zenn's deposition at 83:22-25, 84:1-6. **[D.E. 44]**. Moreover, Defendant has presented no evidence in this case, other than Mr. Zenn's testimony, that he disciplined other Store Managers for Store Audits. The jury must be able to assess Mr. Zenn's credibility when determining how he treated Caucasian employees, whether or not they were Store Managers. Additionally, whether Plaintiff had the ability to discipline Ms. McGrath is irrelevant as the verbal altercation involved Plaintiff and Plaintiff was required to get his manager (Mr. Zenn) involved. Accordingly, Defendant's Motion must be denied.

15. **Any characterization of Plaintiff's Performance Improvement Plan as an "adverse employment action."**

Defendant's Motion to exclude evidence of Plaintiff's Performance Improvement Plan as an adverse employment action based on the Court's Order on Summary Judgment must be denied. Plaintiff's allegations in this case specifically state that Plaintiff was placed on a Performance Improvement Plan because of his race and national origin. The fact that Defendant would not have been able to extend the PIP has no bearing on the fact that Defendant actually gave Plaintiff the PIP because of his race and national origin. This evidence must be presented to a jury.

16. **Any evidence, statement or argument that Plaintiff was denied a bonus as a result of being placed on a Performance Improvement Plan.**

The evidence in this case supports Plaintiff's claims that a Store Manager would not be able to receive his bonus if he was placed on a PIP. Plaintiff was placed on a PIP on December 23, 2014, and Defendant's fiscal year ends on January 31. The evidence in this case will show that Jaime Zenn, Plaintiff's supervisor, specifically placed him on a PIP, told him that he would likely not be able to recover and suggested he look for another job. Plaintiff should be able to

present evidence to a jury that the PIP was intended to cause material changes to the terms and conditions of his employment, including a denial of his bonus. Accordingly, Defendant's Motion must be denied.

Dated: August 16, 2017.

By:*/s/Ria N. Chattergoon*
Ria N. Chattergoon, Esquire
Fla. Bar No.: 015099
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

### CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By  */s/ Ria N. Chattergoon*

### SERVICE LIST
### Case No.: 8:16-cv-01949-VMC-JSS

| | |
|---|---|
| R. Martin Saenz, Esq. | Richard C. McCrea, Jr. |
| Florida Bar No. 0640166 | Florida Bar No. 351539 |
| E-mail: msaenz@saenzanderson.com | Email: mccrear@gtlaw.com |
| Ria N. Chattergoon, Esq. | Catherine H. Molloy |
| Florida Bar No. 015099 | Florida Bar No. 33500 |
| E-mail: ria@saenzanderson.com | Email: molloyk@gtlaw.com |
| SAENZ & ANDERSON, PLLC | GREENBERG TRAURIG, P.A. |
| 20900 N.E. 30th Avenue, Suite 800 | 101 E. Kennedy Boulevard, |
| Aventura, FL 33180 | Suite 1900 |

Telephone: (305) 503-5131  
Facsimile: (888) 270-5549  
*Counsel for Plaintiff*

Tampa, FL 33602  
Telephone:(813)318-5700  
Facsimile: (813) 318-590  
*Counsel for Defendant*