UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS VARGAS,

     **Plaintiff,**

v.                            **CASE NO. 8:16-cv-1949-VMC-JSS**

MICHAELS STORES, INC.,

     **Defendant**

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTIONS IN LIMINE**

     Defendant Michaels Stores, Inc. ("Michaels"), by and through its undersigned counsel, hereby responds in opposition to plaintiff's Motions in Limine.  [D.E. 55].  As grounds therefore, defendant states as follows:

**I.**

**MEMORANDUM OF LAW**

**A.**     **The Court Should Not Exclude Evidence of Plaintiff's 2010 Performance
Evaluation.**

     Plaintiff's motion in limine seeks to exclude plaintiff's 2010 performance evaluation. Plaintiff specifically seeks to exclude the comment that "[Plaintiff] sometimes gets short tempered with staff when they are not on the same page as he is or if they push back on his direction.  [Plaintiff] must work on his negotiation skills with his entire staff to maximize their performance." [D.E. 55 at 2].   Plaintiff seeks to exclude the evaluation on relevancy grounds and alleged unfair prejudice.  *Id.* (citing Fed. R. Evid. Rules 401, 402, and 403).

Contrary to plaintiff's arguments, the 2010 performance evaluation is directly relevant to the issues in dispute and is not unfairly prejudicial. The crux of plaintiff's claims is that he was subjected to discriminatory treatment by his District Manager, Jamie Zenn, when he was terminated for creating a hostile work environment. Plaintiff has no direct evidence to support this allegation, nor does he have any circumstantial evidence such as discriminatory comments. Instead, plaintiff relies heavily on the argument that was never disciplined by his prior managers, which, allegedly, indicates Zenn's discriminatory animus. [*See* Compl.¶ 45 ("In fact, Plaintiff never received a disciplinary action throughout his career with Defendant until Mr. Zenn became his supervisor.); *see also* Compl. ¶ 44 ("Plaintiff had never received a complaint or disciplinary action regarding 'hostile work environment'")].

Plaintiff's 2010 performance evaluation evidences that that the behavior Zenn witnessed and ultimately disciplined plaintiff for in 2013 began years earlier and was observed by previous management. In particular, plaintiff's 2010 performance evaluation noted his short temper with his staff, which was also observed under Zenn's tenure in 2013. Accordingly, plaintiff's performance evaluation is relevant for the jury to consider in its determination of whether causation exists, as it is directly related to Michaels' theory of the case and is necessary to rebut plaintiff's argument. *See Lawson v. Plantation General Hosp., L.P.,* Case No. 08-61826-CIV-Rosenbaum, 2010 WL 11504713, at *3 (S.D. Fla. Apr. 16, 2010)(denying motion in limine to exclude performance evaluation); *Barkley v. Davis*, 2008 U.S. Dist. LEXIS 57392 (S.D. Fla. July 8, 2008) (denying police officer defendants' motion in limine under Rules 403 and 404 to exclude performance evaluations and discipline history from evidence); *Pouncy v. Vulcan Materials Co.,* 920 F.Supp. 1566, 1582-83 (N.D. Ala.

2

1996)(finding that the defendant's proffered reason was not pretextual due to evidence that his performance issues had persisted for some time).

Plaintiff further asserts that the 2010 performance evaluation should be excluded because Michaels has argued that discovery should be limited to the district in which plaintiff worked and the time plaintiff was supervised by Zenn. Plaintiff essentially claims that the same limitations should apply to Michaels. However, plaintiff's argument oversimplifies the issue. Michaels repeatedly asserted that documents and information related to *other employees* should be limited consistent with applicable Eleventh Circuit case law regarding similarly situated individuals. [*See, e.g.*, Defendant's Memorandum in Opposition to Motion to Compel, D. E. 20]. This analysis is inapplicable to plaintiff's prior performance evaluations, and plaintiff fails to offer any reason it should apply.

### B. The Anonymous Hotline Calls Regarding Plaintiff's Conduct Are Relevant

Plaintiff next attempts to exclude the anonymous hotline calls that were made regarding his misconduct during his tenure as Store Manager of Defendant's Dale Mabry location. Specifically, plaintiff claims that because these calls were anonymous, he was unable to cross-examine the complainant and would be unfairly prejudiced by their introduction. However, these complaints were part of Michaels good faith basis for the decisions it made, and thus are necessary to support its defense regardless of whether the complaints were actually true. *Watson v. Kelley Fleet Services, LLC*, 430 Fed. Appx. 790, 791 (11th Cir. 2011). In particular, the complaints received by defendant were as follows:

- Plaintiff was accused of speaking down to employees, calling them stupid, and yelling at employees in close proximity. Plaintiff was further accused of

trying to shift accountability for the store's performance to manager Melinda Faircloth, thereby shirking his responsibilities as Store Manager.

- Plaintiff was accused of theft when it was determined that there was significant shortage in the store safe.

- Plaintiff was accused of taking a mat board from the store's frame shop to another store without completing appropriate store-to-store transfer paperwork.

Michaels ultimately terminated plaintiff after plaintiff retaliated against his subordinates by trying to find out who had made these anonymous complaints in an attempt to prevent them from complaining further.  The underlying complaints are thus necessary to establish the facts leading up to his termination.  In addition, the complaints state that the complainants fear retaliation from Vargas.  Michaels corporate representative testified it was consistent with Michaels practices for an employee not to be interviewed in connection with an investigation where the conduct was consistent with prior conduct.  Michaels anticipates plaintiff will attempt to assert that the investigation leading to his termination was incomplete because he was not interviewed, and these prior complaints are necessary to establish that the investigation was consistent with Michaels practices.

Furthermore, these statements are not being offered for the truth of the matter asserted.  Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  Generally, an out-of-court statement admitted to show its effect on the hearer is not hearsay.  *United States v. Crus,* 805 F.2d 1464, 1478 (11th Cir. 1986).  "Such verbal acts are not in the first instance assertive statements and not offered to prove the truth of the matter asserted."  *Id.*  The statements at issue here are being offered merely to show that they were made and that they affected the circumstances that led to

4

Plaintiff's termination. *See Peshlakai,* 39 F. Supp. 3d at 1338 (holding that evidence of customer complaints was admissible despite hearsay objections since they were not being offered for their truth, but rather for the purpose of notice); *Cottrell v. Costco Wholesale Corp.,* Civil File No. 10-3154 (MJD/JJK), 2012 WL 3779143, *2 (D. Minn. Aug. 31, 2012)(refusing to exclude employee complaint that was relevant to overall context of retaliation claim). Co-workers' complaints are routinely admitted in discrimination cases to support the employer's legitimate, nondiscriminatory reason for discipline and/or discharge. *Anderson v. Stauffer Chem. Co.,* 965 F.3d 397, 401-02 (7th Cir. 1992)(holding that continued complaints from subordinates, *inter alia,* supported legitimate nondiscriminatory reason for discharge under the Age Discrimination in Employment Act); *McHenry v. One Beacon Ins. Co.,* No. Civ. A 03-CV-4916, 2005 WL 2077275, *7 (E.D.N.Y. Aug. 29, 2005)("receipt of complaints by co-workers are admissible to establish that the employer had reason to believe that a problem existed and to establish that it relied on such complaints in taking the alleged action"); *Roman v. Cornell Univ.,* 53 F. Supp. 2d 223, 241 (N.D.N.Y. 1999)(permitting defendants to rely on co-worker complaints "to support their conclusion that plaintiff often acted in an inappropriate, insubordinate and unprofessional manner"); *Vallhallbhapurapu v. First Nat'l Bank of Chicago,* 998 F. Supp. 906, 909 n.6 (N.D. Ill. 1998)(refusing to strike evidence of subordinate's complaints because it was admissible to show the complaints' effect on the employer and to assist in showing that its reasons for demoting plaintiff were not pretextual)). Accordingly, these complaints should be admitted for the effect they had on Defendant, and in support of its legitimate, nondiscriminatory reason for Plaintiff's termination.

*TPA 512364514v1*

**C.      Defendant's Evidence of Plaintiff's Store Tour Failures Is Admissible.**

It has been Plaintiff's assertion from the outset of this litigation that Zenn discriminated against him by not providing plaintiff sufficient support at defendant's Dale Mabry store because he was Hispanic.  The Store Tours that plaintiff seeks to exclude are evidence that Zenn, in helping plaintiff prepare for defendant's formal store audits, conducted several informal walkthroughs with plaintiff to address the store's deficiencies and locate areas of improvement.  Notably, plaintiff failed the defendant's formal auditing process, and his failing score harmonized with the informal Store Tours that Zenn conducted before and after this failed audit.  Plaintiff has attributed his failure directly to Zenn by claiming that he offered more assistance to non-Hispanic managers at other stores.  Plaintiff has not offered a scintilla of evidence to support such a claim, and these Store Tours are direct evidence rebutting plaintiff's allegations that Zenn did not support him sufficiently. Plaintiff does not deny that the Store Tours took place.  Plaintiff does not allege that additional Store Tours were conducted in which Zenn gave Plaintiff more positive reviews. When questioned about these informal walkthroughs during his deposition, plaintiff only complained that that they were too negative and that Zenn was more positive with managers in other stores. [Vargas at 90:25-19].  Plaintiff has placed these Store Tours directly at issue in this matter.

 Plaintiff's allegations that defendant only produced "negative" Store Tours is unsupported by any of the record evidence. Defendant produced all of the store tours in its possession.  Also, nothing about these Store Tours would confuse or mislead the jury.  To the contrary, plaintiff seeks to exclude the introduction of probative evidence showing that Zenn

6

tried to prepare plaintiff and the Dale Mabry store for an impending audit—which directly contradicts plaintiff's allegations that Zenn did not support his store because he was Hispanic.  Accordingly, the Court should deny plaintiff's motion to exclude the Store Tours.

## II.

## CONCLUSION

WHEREFORE, defendant Michaels Stores, Inc., respectfully requests that the Court enter an order denying plaintiff's motions in limine in their entirety.

Respectfully submitted,

/s/ Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, FL  33602
(813) 318-5700 – Telephone
(813) 318-590 – Facsimile
Attorneys for Defendant
Michaels Stores, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 16, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

R. Martin Saenz, Esq.
E-mail: msaenz@saenzanderson.com
Ria N. Chattergoon, Esq.
E-mail: ria@saenzanderson.com
SAEZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida  3180

/s/Catherine H. Molloy
Attorney